IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TODD A. HURD, | ) | CASE NO. 4:04 CV 859 |
| | ) | |
| Petitioner, | ) | JUDGE PETER C. ECONOMUS |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| DAVID BOBBY, | ) | |
| | ) | |
| Respondent. | ) | **REPORT & RECOMMENDATION** |

## I.  Introduction

Before the Court is Todd Hurd's petition for a writ of habeas corpus.[1] Hurd is incarcerated in the Trumbull Correctional Institution at Leavittsburg, Ohio, after conviction on two counts of attempted rape and one count of gross sexual imposition.[2]

Hurd posits a single ground for habeas relief:

> Denial of the right to effective assistance of counsel.  The petitioner's trial counsel was ineffective and the petitioner was denied his right to due process of law as there was a failure to request a continuance of trial when substantial questions about the time and date of the alleged offense were present and when trial counsel failed to call probative defense witnesses to testify on his behalf and to obtain exculpatory documentation.[3]

The state acknowledges custody and denies the ground for the writ asserted by Hurd.[4]

---

[1] ECF # 1.

[2] ECF # 10 at 2.

[3] ECF # 1 at 5.

[4] ECF # 10 at 2.

## II. Facts

**A. Trial**

The state appeals court recounted the following facts from the petitioner's trial:

The state offered the testimony of the victim, her brother, Todd Hurd, Jr. ("T.J."), her mother, Melissa Hurd ("Melissa"), as well as the testimony of friends, social workers and a medical doctor. Appellant presented his own testimony, as well as the testimony of his sister, Renee Quiggle-Henderson.

\*\*\*

At the trial, the victim testified that her father's conduct had occurred during the summer she entered her fourth-grade year. She would have been ten years old at the time. T.J. testified that he witnessed sexual conduct between appellant and the victim on six occasions. While T.J. did not state in what year the incidents occurred, he testified that, on several of the occasions, he had been outside swimming and had come inside for a towel when he witnessed the conduct. This testimony supports the allegation that the conduct occurred in the summer.

\*\*\*

Appellant's friends, Mr. and Mrs. Snowden, testified that although appellant denied having molested his daughter, he told them that, "if I go down with this, [Melissa] is going down with me, because she knew about it. Appellant argues that, because Melissa testified that the victim told her about the abuse in "probably like 97," and because the victim testified that the abuse stopped when she told her mother, no abuse could have occurred in the summer of 1998. Melissa, however was very unclear about the date that the victim told her about being abused by appellant, and was equally uncertain about the dates that other events occurred, including the date of her separation from appellant.

\*\*\*

> It was not against the manifest weight of the evidence for the jury to conclude that the victim of the sexual abuse had a clearer recollection of when the abuse occurred than her mother did and that the abuse occurred sometime during the summer of 1998.[5]

**B.     Appellate history**

Upon conviction, Hurd, acting through his trial counsel, simultaneously sought a new trial[6] and appealed to the Ohio court of appeals,[7] both motions being made prior to the final trial judgment being entered on that court's journal. Consequently, the motion for a new trial was denied,[8] and Hurd's appeal was dismissed *sua sponte* by the appellate court for lack of jurisdiction since the matter was still before the trial court.[9]

Thereupon Hurd, now proceeding with new counsel, filed a motion for a delayed appeal once judgment had been duly entered by the trial court.[10] The Ohio appeals court granted the motion for a delayed appeal.[11] However, after Hurd had taken no action on that

---

[5] *State v. Hurd,* No. 2001-T-0086, 2002 WL 31862690, at ** 1, 2, 3, 4 (Ohio App. 11 Dist. Dec. 20, 2002).

[6] ECF # 12 at 33.

[7] *Id.* at 41.

[8] *Id.* at 38.

[9] *Id.* at 50.

[10] *Id.* at 57.

[11] *Id.* at 59.

appeal subsequent to being granted leave to proceed, the state appellate court *sua sponte* dismissed it for failure to prosecute.[12]

Hurd promptly moved to reinstate his appeal and for leave to file a brief.[13] Both motions were granted.[14] In his state appellate brief Hurd raised three assignments of error:

> I. The trial court erred in overruling Defendant's motion for a directed verdict of acquittal, and denied defendant his constitutional right to due process because the State failed to offer sufficient evidence of the crimes charged in the indictment.
>
> II. The trial court erred in not entering judgment notwithstanding the verdict because the jury's guilty verdicts on counts three, four and five were against the manifest weight of the evidence.
>
> III. Trial counsel was ineffective to an extent that significantly prejudiced appellant's defense.[15]

The state appeals court rejected Hurd's arguments and affirmed his conviction and sentence.[16]

Now employing different counsel, Hurd sought review by the Ohio Supreme Court,[17] raising a single proposition of law:

---

[12] *Id.* at 61.

[13] *Id.* at 62.

[14] *Id.* at 65.

[15] *Id*. at 68-69.

[16] *Id*. at 112.

[17] *Id*. at 122.

> When trial counsel fails to move for a mistrial or move for a reasonable continuance during trial when substantial questions arise regarding the time and date of the alleged offense, the defendant-appellant is denied his right to effective assistance of counsel under the United States and Ohio Constitutions.[18]

The Ohio Supreme Court declined review,[19] and the matter was not appealed to United States Supreme Court.

### III. Analysis

**A.  Jurisdiction and timeliness**

Hurd filed this petition on May 7, 2004,[20] or within the one-year limitations period imposed by 28 U.S.C. § 2244(d)(1)(A).[21] The state raises no claim of a prior petition nor asserts any procedural default, exhaustion, or fair presentment issues that would preclude consideration of the merits. Discerning none upon review of the record, the Magistrate Judge recommends that Hurd's petition be considered timely and within this Court's habeas jurisdiction.

---

[18] *Id.* at 127.

[19] *Id*. at 141.

[20] ECF # 1.

[21] The one-year limitation period does not begin to run until the day after a petition for certiorari would be due in the United States Supreme Court following a decision of the state's highest court. *Bronaugh v. Ohio*, 235 F.3d 280, 283-84 (6th Cir. 2000).

**B.      Standard of review**

A federal habeas court may grant the writ after a claim has previously been adjudicated on the merits by the state courts only if the state decision was "contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States;"[22] or that decision was "based on an unreasonable determination of the facts in light of the evidence presented at the State court proceedings."[23]

A state court decision is "contrary to" clearly established federal law if the state court reaches a conclusion opposite to that reached by the United States Supreme Court on a question of law, or decides a case differently when confronted by a set of materially indistinguishable facts.[24]

Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identified the correct governing federal law from the Supreme Court's decisions but unreasonably applied that law to the facts of the current case.[25] The proper inquiry for a federal habeas court considering a claim raising the issue of "unreasonable application" is whether the state court decision was "objectively unreasonable" and not merely erroneous or incorrect.[26]

---

[22] 28 U.S.C § 2254(d).

[23] *Id.*

[24] *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000).

[25] *Id*. at 407-08.

[26] *Id*. at 409-11.

Under both analyses, factual determinations by the state court are presumed to be correct and the petitioner bears the burden of rebutting that presumption by clear and convincing evidence.[27]

**C.     Hurd's trial counsel was not constitutionally ineffective.**

The controlling federal law for purposes of determining if counsel was constitutionally ineffective is *Strickland v. Washington*.[28] Under the rule pronounced in *Strickland*, a habeas petitioner must show (1) that his counsel's representation fell below an objective standard of reasonableness, based on the totality of the circumstances,[29] and (2) that there is a "reasonable probability" that, but for counsel's deficient performance, the results of the trial would have been different.[30] To succeed on his claim, a habeas petitioner must meet both elements of this test.[31]

A federal habeas court's review of trial counsel's actions "should recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant

---

[27] *McAdoo v. Elo*, 365 F.3d 487, 493-94 (6th Cir. 2004). The presumption of correctness also applies to any factual findings by the state appeals court made on review of the record. *Brumley v. Wingard*, 269 F.3d 629, 637 (6th Cir. 2001).

[28] *Strickland v. Washington*, 466 U.S. 668 (1984).

[29] *Id.* at 688.

[30] *Id*. at 694-95.

[31] *Id.* at 697. While both aspects must be met by the petitioner to succeed on his claim, a federal habeas court is not required to conduct an analysis under both elements if it determines that the petitioner has not met one prong of the test. *Id.* at 697.

decisions in the exercise of reasonable professional judgement."[32] The federal court must avoid the "distorting effects of hindsight"[33] when reviewing the performance of trial counsel, but must evaluate the reasonableness of counsel's performance within the context of the circumstances of trial at the time.[34]

Here, as in the state appellate court, Hurd's claim of ineffective assistance of trial counsel centers on testimony by the victim's mother that the victim told her about the abuse in "probably like 97" and testimony by the victim that the abuse stopped when she told her mother. Based on this, Hurd argues here, as he did to the state appeals court, that trial counsel was ineffective because he did not ask for a continuance so that he could present an alibi defense for 1997.

Initially, the state appeals court noted that there was ample evidence in the record to establish that the abuse occurred in the summer of 1998.[35] The court further observed that Hurd's wife had been uncertain about the exact dates of other events, such as the date she separated from Hurd.[36] The state appeals court nonetheless concluded that "[i]t was not against the manifest weight of the evidence for the jury to conclude that the victim of the

---

[32] *Id*. at 690.

[33] *Id.* at 689.

[34] *Id.* at 690.

[35] "At the trial, the victim testified that her father's conduct had occurred during the summer she entered her fourth-grade year, which would have been the summer of 1998." *Hurd*, No. 2001-T-0086, 2002 WL 31862690 at *2.

[36] *Id.* at *3.

sexual abuse had a clearer recollection of when the abuse occurred than did her mother and that the abuse occurred sometime in the summer of 1998."[37]

Proceeding to Hurd's ineffective assistance of counsel claim and utilizing the *Strickland* standard, the state appeals court stated:

> In this case, appellant has not shown that his counsel's representation fell below the standard of reasonable representation. Appellant was indicted, tried and convicted for conduct that occurred in 1998. The state never alleged that any conduct occurred in 1997, and the jury was instructed by the court that, to find appellant guilty, they must find that the conduct occurred "on or about the summer of 1998." Offering an alibi defense for 1997 would not have been helpful at trial because appellant was accused of conduct that occurred in 1998. Appellant's counsel was not ineffective for failing to present such a defense and, instead, seeking to discredit the victim's testimony with Melissa's testimony.[38]

Hurd has presented nothing to show that the state appellate court's decision was an unreasonable application of *Strickland*.[39] The testimony of the victim and her mother, if credited by the jury, was more than adequate to find that Hurd committed the acts he was charged with. Moreover, the same evidence was sufficient to find that the acts were committed in 1998, and that any reference to 1997 by one of the witnesses was a mis-remembered detail not fatal to the prosecution's case even if attacked by defense counsel.

---

[37] *Id.* at *4.

[38] *Id.* at *5.

[39] In fact, Hurd here asked for, and was granted, an extension of time to respond to the state's return of the writ. ECF # 14. He made no response by the expiration of the extended time for so doing.

## IV.  Conclusion

Accordingly, the Magistrate Judge recommends finding that Hurd has not established, pursuant to *Strickland*, a claim of ineffective assistance of counsel and that his petition should be denied.

Dated:  March 28, 2006                  s/ William H. Baughman, Jr.
                                                       United States Magistrate Judge

## Objections

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within ten (10) days of receipt of this notice.  Failure to file objections within the specified time waives the right to appeal the District Court's order.[40]

---

[40] *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).